# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

|  |  |
|---|---|
| **Federal National Mortgage Association** | CIVIL ACTION NO: |
| **Plaintiff** | COMPLAINT |
| vs. | RE:<br>32 Robinson Street, South Portland, ME 04106 |
| **Michelle L. Ingrisano**<br>**Roland R. Ingrisano a/k/a Roland Ingrisano** | Mortgage:<br>November 7, 2006<br>Book 24565, Page 180 |
| **Defendants** |  |
| **Calvary Investments, LLC**<br>**CACH, Inc.**<br>**Midland Funding LLC**<br>**Advantage Assets II, Inc.** |  |
| **Parties-In-Interest** |  |

NOW COMES the Plaintiff, Federal National Mortgage Association, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Michelle L. Ingrisano and Roland R. Ingrisano, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal National Mortgage Association, in which the Defendants, Michelle L. Ingrisano and Roland R. Ingrisano a/k/a Roland Ingrisano, are the obligor and the total amount owed under the terms of the Note is Two Hundred Fifty-Three Thousand Six Hundred Thirty-Eight and 60/100 ($253,638.60) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal National Mortgage Association is a corporation organized under the laws of the State of Texas, with its principal place of business located at 14221 Dallas Parkway, Suite 1000, Dallas, TX 75254.

5. The Defendant, Michelle L. Ingrisano, is a resident of South Portland, County of Cumberland and State of Maine.

6. The Defendant, Roland R. Ingrisano a/k/a Roland Ingrisano, is a resident of South Portland, County of Cumberland and State of Maine.

7. The Party-in-Interest, Calvary Investments, LLC, is located at 500 Summit Lake Drive, Valhalla, NY 10595.

8. The Party-in-Interest, CACH, Inc., is located at 4340 S. Monaco, Second Floor, Denver, CO 80237.

9. The Party-in-Interest, Midland Funding LLC, is located at 2365 Northside Drive, Suite 300, San Diego, CA 92108.

10. The Party-in-Interest, Advantage Assets II, Inc., is located at 1000 N West Street, Wilmington, DE 19801.

## FACTS

11. On October 25, 2004, by virtue of a Warranty Deed from Andrew J. Cloutier, which is recorded in the Cumberland County Registry of Deeds in **Book 21939, Page 1**, the property situated at 32 Robinson Street, County of Cumberland, and State of Maine, was conveyed to the Defendants, Michelle L. Ingrisano and Roland Ingrisano, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

12. On November 7, 2006, the Defendants, Michelle L. Ingrisano and Roland R. Ingrisano a/k/a Roland Ingrisano, executed and delivered to First Financial Mortgage Corp. a certain Note in the amount of $200,200.00. Defendants, Michelle L. Ingrisano and Roland R. Ingrisano a/k/a Roland Ingrisano's personal liability is limited and / or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

13. To secure said Note, on November 7, 2006, the Defendants executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for First Financial Mortgage Corp., securing the property located at 32 Robinson Street, South Portland, ME 04106 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 24565**, **Page 180**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Nationstar Mortgage LLC by virtue of an Assignment of Mortgage dated July 25, 2013 and recorded in the Cumberland County Registry of Deeds in **Book 30916**, **Page 111**.  *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated April 11, 2017 and recorded in the Cumberland County Registry of Deeds in **Book 34023**, **Page 102**.  *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. The Mortgage was assigned to Federal National Mortgage Association by virtue of a Quitclaim Assignment dated April 18, 2018 and recorded in the Cumberland County Registry of Deeds in **Book 34920, Page 137**.  *See* Exhibit F (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

17. On September 27, 2018, the Defendants, Michelle L. Ingrisano and Roland R. Ingrisano a/k/a Roland Ingrisano, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter").  Defendants, Michelle L. Ingrisano and Roland R. Ingrisano a/k/a Roland Ingrisano's personal liability is limited and / or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge.  *See* Exhibit G (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

18. The Demand Letter informed the Defendants, Michelle L. Ingrisano and Roland R. Ingrisano a/k/a Roland Ingrisano, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter.  *See* Exhibit G.

19. The Defendants, Michelle L. Ingrisano and Roland R. Ingrisano a/k/a Roland Ingrisano, failed to cure the default prior to the expiration of the Demand Letter.

20. The Plaintiff, Federal National Mortgage Association, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

21. The Plaintiff, Federal National Mortgage Association, is the lawful holder and owner of the Note and Mortgage.

22. The Plaintiff, Federal National Mortgage Association, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

23. Calvary Investments, LLC is a Party-in-Interest pursuant to a Writ of Execution in the amount of $14,847.99 dated October 21, 2009, and recorded in the Cumberland County Registry of Deeds in **Book 27356**, **Page 275** and is in second position behind Plaintiff's Mortgage.

24. CACH, Inc. is a Party-in-Interest pursuant to a Writ of Execution in the amount of $6,354.55 dated December 14, 2010, and recorded in the Cumberland County Registry of Deeds in **Book 28505**, **Page 179** and is in third position behind Plaintiff's Mortgage.

25. Midland Funding LLC is a Party-in-Interest pursuant to a Writ of Execution in the amount of $2,539.94 dated February 8, 2012, and recorded in the Cumberland County Registry of Deeds in **Book 29366**, **Page 151** and is in fourth position behind Plaintiff's Mortgage.

26. Advantage Assets II, Inc. is a Party-in-Interest pursuant to a Writ of Execution in the amount of $4,018.99 dated November 6, 2012, and recorded in the Cumberland County Registry of Deeds in **Book 30303**, **Page 143** and is in fifth position behind Plaintiff's Mortgage.

27. Midland Funding LLC is a Party-in-Interest pursuant to a Writ of Execution in the amount of $4,892.05 dated May 12, 2014, and recorded in the Cumberland County Registry of Deeds in **Book 31527**, **Page 131** and is in sixth position behind Plaintiff's Mortgage.

28. The total debt owed under the Note and Mortgage as of May 3, 2019, is Two Hundred Fifty-Three Thousand Six Hundred Thirty-Eight and 60/100 ($253,638.60) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $168,653.34 |
| Interest | $29,150.67 |
| Escrow Advance | $23,461.50 |
| Corporate Advance | $32,373.09 |
| Grand Total | $253,638.60 |

29. Upon information and belief, the Defendants, Michelle L. Ingrisano and Roland R. Ingrisano a/k/a Roland Ingrisano, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

30. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 29 as if fully set forth herein.

31. This is an action for foreclosure respecting a real estate related Mortgage and title located at 32 Robinson Street, South Portland, County of Cumberland, and State of Maine. *See* Exhibit A.

32. The Plaintiff, Federal National Mortgage Association, is the holder of the Note referenced in Paragraph 13 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Federal National Mortgage Association, has the right to foreclosure upon the subject property.

33. The Plaintiff, Federal National Mortgage Association, is the current owner and investor of the aforesaid Mortgage and Note.

34. The Defendants, Michelle L. Ingrisano and Roland R. Ingrisano a/k/a Roland Ingrisano, are presently in default on said Mortgage and Note, having failed to make the monthly payment due March 1, 2014, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

35. The total debt owed under the Note and Mortgage as of May 3, 2019, is Two Hundred Fifty-Three Thousand Six Hundred Thirty-Eight and 60/100 ($253,638.60) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $168,653.34 |
| Interest | $29,150.67 |
| Escrow Advance | $23,461.50 |
| Corporate Advance | $32,373.09 |
| Grand Total | $253,638.60 |

36. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

37. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate, as affected by Defendants, Michelle L. Ingrisano and Roland R. Ingrisano a/k/a Ronald Ingrisano's discharge in bankruptcy and, accordingly, this action **does not** seek any Personal liability on the part of the Defendants, Michelle L. Ingrisano and Roland R. Ingrisano a/k/a Ronald Ingrisano, but only seeks in rem judgment against the property.

38. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Michelle L. Ingrisano and Roland R. Ingrisano a/k/a Roland Ingrisano, on September 27, 2018, evidenced by the Certificate of Mailing.. *See* Exhibit G.

39. The Defendants, Michelle L. Ingrisano and Roland R. Ingrisano a/k/a Roland Ingrisano, are not in the Military as evidenced by the attached Exhibit H.

## COUNT II –EQUITABLE MORTGAGE

40. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 39 as if fully set forth herein.

41. The intent of the Defendants, Michelle L. Ingrisano and Roland R. Ingrisano a/k/a Roland Ingrisano, and the original lender, First Financial Mortgage Corp., on November 7, 2006, was to create a mortgage on the property, commonly known as and numbered as 32 Robinson Street, South Portland, ME 04106.

42. This intent is shown by the execution of a Promissory Note dated November 7, 2006 to First Financial Mortgage Corp. in the amount of $200,200.00.

43. The value given at the time of the transaction was $200,200.00 which was significanyly below the property's value at that time, clearly indicating that it was the intent of the Defendants, Michelle L. Ingrisano and Roland R. Ingrisano a/k/a Roland Ingrisano, and

First Financial Mortgage Corp. on the date of the transaction, November 7, 2006, that a mortgage be granted on the subject property.

44. The aforesaid Promissory Note, specifically references 32 Robinson Street, South Portland, ME 04106, as the "Property Address".

45. In addition to the aforesaid Promissory Note, Defendants, Michelle L. Ingrisano and Roland R. Ingrisano a/k/a Roland Ingrisano, also executed a Mortgage on November 7, 2006, which particularly referenced exactly the same property address of 32 Robinson Street, South Portland, ME 04106, which was referenced on the aforesaid Promissory Note.

46. The aforesaid Mortgage is arguably unenforceable under current Maine Law pursuant to the *Greenleaf* decision, et al. *See, Bank of America, N.A. v. Greenleaf*, 2014 ME 89, 96A.3d 700 (Me. 2014); *Federal National Mortgage Association v. Deschaine*, 2017 ME 190, 170 A33d 230 (Me. 2017); *Pushard v. Bank of America, N.A.*, 175 A.3d 230, 2017 ME 103 (Me. 2017).

47. This defect is not related to the original execution of the documents, nor the intent of the Defendants, Michelle L. Ingrisano and Roland R. Ingrisano a/k/a Roland Ingrisano, and First Financial Mortgage Corp., but is due to the chain of title for the aforesaid mortgage under *Greenleaf* and 33 M.R.S. § 508.

48. The issue of an equitable mortgage (or other equitable remedies) is not addressed by *Greenleaf*, or its' progeny; *See Deschaine, Fn. 4, Fn. 4; Pushard Fn. 14*.

49. It was the intent of the Defendants, Michelle L. Ingrisano and Roland R. Ingrisano a/k/a Roland Ingrisano, and First Financial Mortgage Corp. at the time of the transaction, as to the execution of the subject documents, that is controlling as to the Court's interpretation of the imposition of an equitable mortgage.

50. The Plaintiff, Federal National Mortgage Association, is the owner and holder of the subject Promissory Note.

51. The Plaintiff, Federal National Mortgage Association, is owner of the equitable interest in the aforesaid mortgage but may arguably not be the record owner of said mortgage under the *Greenleaf* decision.

52. Equity requires that "what ought to have been done has been done." *See, Smith v. Diplock,* 127 Me. 452, 144 A. 383, 386 (Me. 1929).

53. When it is the intent of the parties, at the time of the transaction, that there be a mortgage "[t]he real intent governs". *See, Stinchfield v. Milliken,* 71 Me. 567, 570 (1880).

54. The agreement, as memorialized in the various documents referenced herein constitutes an equitable mortgage.

55. For justice to be served, and under the facts and circumstances of this matter, the Court should, and must, impose an equitable mortgage upon the property.

56. The Court's imposition of an equitable mortgage should be under, and pursuant to the statutory terms of applicable Maine Law, including, but not limited to, the rights of redemption, etc. *See, Seaman v. Seaman,* 477 A.2d 734 (Me. 1984).

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal National Mortgage Association, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322, as affected by Defendants, Michelle L. Ingrisano and Roland R. Ingrisano a/k/a Roland Ingrisano's discharge in banktupcy and, accordingly, this action **does not** seek any personal liability on the part of the Defendants, but only seeks in rem judgment against the property;

b) Grant possession to the Plaintiff, Federal National Mortgage Association, upon the expiration of the period of redemption;

c) Find that the Defendants, Michelle L. Ingrisano and Roland R. Ingrisano a/k/a Roland Ingrisano, are in breach of the Note by failing to make payment due as of March 1, 2014, and all subsequent payments;

d) Find that the Defendants, Michelle L. Ingrisano and Roland R. Ingrisano a/k/a Roland Ingrisano, are in breach of the Mortgage by failing to make payment due as of March 1, 2014, and all subsequent payments;

e) Find that the Plaintiff, Federal National Mortgage Association, is entitled to enforce the terms and conditions of the Note and Mortgage;

f) Find that it would be inequitable for the Defendants, Michelle L. Ingrisano and Roland R. Ingrisano a/k/a Roland Ingrisano, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

g) Impose and enforce an equitable mortgage upon the property commonly known and commonly numbered as 32 Robinson Street, South Portland, ME 04106 for the benefit of the Plaintiff who currently owns the Note and as manifested by the intent of the parties when the transaction was initially consummated;

h) Impose the applicable periods for redemption, etc. as reflected in 14 M.R.S.A. § 6322;

i) For such other and further relief as this Honorable Court deems just and equitable.

                                            Respectfully Submitted,
                                            Federal National Mortgage Association,
                                            By its attorneys,

Dated: May 3, 2019

                                            /s/ John A. Doonan, Esq.
                                            John A. Doonan, Esq., Bar No. 3250
                                            Reneau J. Longoria, Esq., Bar No. 5746
                                            Attorneys for Plaintiff
                                            Doonan, Graves & Longoria, LLC
                                            100 Cummings Center, Suite 225D
                                            Beverly, MA 01915
                                            (978) 921-2670